**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MID-AMERICA AG NETWORK,** ) <br> **INC., a Kansas Corporation,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **MONKEY ISLAND DEVELOPMENT** ) <br> **AUTHORITY, an Oklahoma public trust,** ) <br> ) <br> **Defendant.** ) | Case No. 02-CV-105-EA (C) |

**REPLY OF UNITED STATES and STATE OF OKLAHOMA TO
PAUL STATEN AND ISLAND ENTERPRISES, INC.'S OPPOSITION
TO MOTIONS BY FAA AND OAC**

**I.   Mr. Staten's pleading fails to inform the Court of new information which justifies vacating the pending Marshal's Sale.**

The United States continues to assert its interests and object to the Marshal's Sale based on the argument and facts presented within its original Motion to Vacate (Dkt. #80-81) and Supplemental Brief (Dkt. #94). Mr. Staten's pleading, however, alludes to (but fails to fully explain or discuss) a recent development which would, without any doubt, make the proposed Marshal's Sale improper.

Mr. Staten attaches a pleading recently filed in Delaware County. Exhibit #17 to Dkt. #98. Therein, the Chairman of Monkey Island Development Authority (hereinafter "MIDA"), appearing pro se, indicates that the "airport no longer belongs to MIDA" because of an agreement entered into with Mr. Staten which "gave him (Island Air L.L.C.) the airport" to end other litigation. <u>Id.</u> A copy of the Deed which apparently was intended to

effect that transfer and which is filed in Delaware County is attached hereto as Exhibit A. Although the Deed was apparently created in March, 2005, it was filed in Delaware County on May 18, 2005, the **day after** the hearing before this Court.  Moreover, Mr. Staten spoke to the press regarding the Deed and confirmed that he filed the deed in direct response to this Court's postponement of the Marshal's sale: "We tried to send it to the sale and do it by the rule book, but they postponed the sale, so we went ahead and filed the deed." "Grand Lake airport title transferred," The Daily Oklahoman, June 14, 2005, attached hereto as Exhibit B.    It is axiomatic that the Court may not levy and sell under execution the property of one person to satisfy the judgment-debt of another.  The rule is summarized:

> In general, property of the judgment debtor, including real and personal property, mortgaged personal property, and an estate created by a joint tenancy, is subject to execution, but not the property of a person other than the judgment debtor.

CJS Federal Civil Procedure, § 1276.  Logically, the property which ostensibly[1] belongs to Mr. Staten's entity, Island Air, LLC, cannot be sold at Marshal's Sale to satisfy the debt of MIDA.[2]

Mr. Staten conspicuously failed to even mention his filing of a **deed related to the**

---

[1] The United States does not admit that the transfer is valid and statements herein do not preclude further action in order to set aside or vacate the Deed.

[2] The United States does not admit that the execution against the airport property would be proper in any event.  The property is held by a public trust for the benefit of Delaware County. Beadles v. Fry, 82 P. 1041 (Okla. Terr. 1905); see also Bird Construction Co. v. Oklahoma City Housing Authority, 110 P.3d 560 (Okla. Civ. App. 2004).

**exact airport property at issue here**. His appearance in this action to ask the Court to proceed with a Marshal's Sale to satisfy the debt of MIDA **with property he now purports to own** is suspect, at best. The United States asks that the Court immediately vacate the Marshal's Sale based upon these developments concerning title.

## II.     The United States' interests are properly before this Court without intervention.

Within his motion to intervene, Mr. Staten asks that the Court disregard the points and authorities of the United States and the State of Oklahoma because neither filed a motion to intervene in this action. After having heard the argument of Mid-America Ag Network, Inc. on this point (Dkt. #100 at p. 40), the Court did not decline to even consider the arguments of the United States or Oklahoma. Instead, the Court ordered the two agencies to supplement and expand their arguments.

The United States has statutory authority to appear where the United States' interests are at stake and procedural intervention as a party is not necessary. Under 28 U.S.C. § 517, the United States may appear in any court in the United States "to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." Under section 517, the United States need only state an interest in order to appear before a state or federal court of competent jurisdiction. eSpeed, Inc. v. Brokertec USA, L.L.C. 2004 WL 62490, *1 (D. Del.) (after United States filed a "Statement of Interest" in patent dispute, the Court considered the public

interest presented therein to deny party's request for preliminary injunction)³; Ahmed v. Hoque, 2002 WL 1964806, *2 (S.D.N.Y.) (United States may appear as an interested party pursuant to section 517); Application of Blondin v. Dubois, 78 F. Supp.2d 283, 288 (S.D.N.Y. 2000) (after United States submitted a document stating interest in litigation pursuant to section 517, court held a hearing to allow United States to present witnesses), aff'd, 238 F.3d 153 (2d Cir. 2001); Maxwell v. First Nat'l Bank of Maryland, 143 F.R.D. 590, 593 (D. Md. 1992) (where United States filed a suggestion of interest and moved for protective order under authority of section 517, protective order was granted), aff'd 998 F.2d 1009 (4th Cir. 1993), cert. denied, 510 U.S. 1091 (1994).

The United States has stated its interests within the Motion to Vacate (Dkt. #80-81), during the hearing on that motion (Dkt. #90) and within a Supplemental Brief (Dkt. #94), as ordered by the Court.  Section 517 envisions presentation of the interests of the United States without requirement of intervention.  Courts have traditionally applied the statute to achieve just such a result.  This Court is undoubtedly authorized and with jurisdiction to consider the arguments and interest of the United States.⁴

---

³Unpublished cases attached hereto as Exhibit C.

⁴In the event the Court disagrees, the United States and Oklahoma respectfully request leave to file a motion to intervene.  The motion would not be untimely.  The underlying action in this matter – a lease dispute between Monkey Island Development Authority and Mid-America Ag Network, Inc. – is not the reason for intervention and so, logically, no intervention was appropriate for the years the underlying litigation was taking place.  The reason for intervention only arose when Mid-America Ag Network, Inc. attempted to *execute* upon its judgment against MIDA by way of a Marshal's Sale of airport property.  The United States did not and does not seek to insert itself into the underlying lease dispute.
   Mr. Staten implies that the United States is tardy in presenting its interests to this Court.

        Respectfully submitted,

        DAVID E. O'MEILIA
        United States Attorney


        /s/Cathryn D. McClanahan
        CATHRYN D. MCCLANAHAN, OBA #14853
        United States Assistant Attorney
        110 West 7th Street, Suite 300
        Tulsa, Oklahoma 74119-1029
        Telephone (918) 382-2700
        Facsimile (918) 560-7939



        /s/J. Kevin Behrens
        J. KEVIN BEHRENS
        Assistant Attorney General
        Oklahoma Attorney General
        4545 North Lincoln Blvd., Suite 260
        Oklahoma City, Oklahoma 73105-3498
        Telephone (405) 521-4274
        Facsimile (405) 528-1867


OF COUNSEL:

---

However, the record clearly demonstrates that the *very day* that an entry reflecting first notice of the Marshal's sale to the United States (Dkt. #79), the United States filed a pleading stating its opposition to the proposed sale of airport property (Dkt. #80-81). The State of Oklahoma filed a pleading in opposition to the sale the day after. (Dkt. #82-83).

FRANCES M. TOOLE
Trial Attorney
Civil Division
United States Department of Justice
P. O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone (202) 307-0859

ERIC E. ANDERSON
LORETTA BARLOW
Office of General Counsel
Federal Aviation Administration
2601 Meacham Blvd., Room 663
Forth Worth, Texas 76137
Telephone (817) 222-5078

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2005, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kenneth M. Smith
ksmith@riggsabney.com
Attorney for Plaintiff

Robert P. Skeith
Rskeith@riggsabney.com
Attorney for Plaintiff

Kevin Behrens
kevin_behrens@oag.state.ok.us
Attorney for Oklahoma Aeronautics Commission

Evan B. Gatewood
Egatewood@hmglawyers.com
Attorney for Brawner Construction Co.

Jeb E. Joseph
jeb.joseph@sbcglobal.net
Attorney for Paul Staten

I hereby certify that on June 17, 2005, I served the foregoing by mail, proper postage paid, on the following who are not registered participants of the ECF System:

Michael C. Turpen
Riggs, Abney, Neal, Turpen, Orbison & Lewis
Paragon Building, Suite 101
5801 Broadway Extension
Oklahoma City, Oklahoma 73118-7489
Attorney for Plaintiff

Carl Hughes
Hughes & Goodwin
5801 N. Broadway, Suite 302
Oklahoma City, Oklahoma 73118
Attorney for Monkey Island Development Authority

David L. Crutchfield
56558 East Highway 125
Monkey Island, Oklahoma 74331
Attorney for Defendant

/s/Carie McWilliams
CARIE MCWILLIAMS
Legal Assistant