**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MID-AMERICA AG NETWORK, INC., a Kansas corporation, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | )   Case No: 02-CV-105-CVE-PJC ) |
| MONKEY ISLAND DEVELOPMENT AUTHORITY, an Oklahoma public trust, | ) ) ) |
| **Defendant.** | ) |

**O R D E R**

This matter came on for hearing on the Objection of State of Oklahoma and Oklahoma Aeronautics Commission ("OAC") to U.S. Marshal's Sale (Dkt. #85), the Motion to Vacate Marshal's Sale or alternatively, to Recognize Federal Interests to be Preserved in the Marshal's Sale filed by the Federal Aviation Administration ("FAA") (Dkt. #81), the Motion to Intervene by Paul Staten and Island Enterprises, Inc. (hereinafter, "Staten") (Dkt. #101), the Motion on Behalf of Amicus Curiae Aircraft Owners and Pilots Association ("AOPA") in support of FAA's Motion to Vacate (Dkt. #108), the Motion to Strike Brief of Amicus Curiae filed by Plaintiff Mid-America AG Network, Inc. ("Mid-America") (Dkt. #110), and the Motion for Leave to File Response in Objection to Amicus Curiae Brief filed by Staten (Dkt. #112).[1]

The Court first addresses procedural issues. The Court (1) **GRANTS** Staten's motion to intervene in this matter (Dkt. #101); **GRANTS** FAA's and OAC's footnoted motions to

---

[1] The FAA presented its "Hearing Brief" for the first time at the hearing. Intervenor Staten and Plaintiff Mid-America objected to the filing of the brief and orally moved to strike it. (Dkt. ##123-24). The Court grants the motions to strike. The issues have been amply briefed. If the FAA determined that additional briefing was necessary, it should have sought leave.

intervene (Dkt. # 102) [2]; **GRANTS** AOPA's motion to file an amicus brief (Dkt. #108); **DENIES** Staten's motion to strike the amicus brief (Dkt. #110); and **DENIES AS MOOT** Staten's motion to file a response to the amicus brief (Dkt. #112).

Plaintiff Mid-America AG Network Inc. ("Mid-America") brought this suit seeking declaratory and injunctive relief against Monkey Island Development Authority ("MIDA") and Brawner Construction Company based on a dispute involving the lease of a commercial shopping center at the Grand Lake Regional Airport ("GLRA"). The Court entered judgment in favor of Mid-America on its declaratory judgment claims and against MIDA on its counterclaims. As a result of that judgment, the Court awarded Mid-America attorneys' fees in the amount of $99,353.00 plus interest on September 30, 2004. (Dkt. ##60, 61 and 69, 70).

Mid-America sought execution of its judgment for attorneys' fees; accordingly, the U.S. District Court Clerk for the Northern District issued a General Execution and Order of Sale with Appraisement ("Order of Sale") on November 24, 2004, ordering the U.S. Marshal to levy on the "goods and chattels" of MIDA and, if insufficient to satisfy the judgment, to levy and sell the GLRA property. (Dkt. #71). The U.S. Marshal set the sale for May 19, 2005.

On May 11 and 12, 2005, nonparties FAA and OAC entered special appearances, objecting to the sale of the GLRA property. Since the sale of the GLRA property was imminent, the Court held an emergency hearing on the objections on May 17, 2005. Given the complexity of the issues raised by OAC and FAA, the Court postponed the sale for ninety days and allowed further briefing on the matter.

Not only were supplemental briefs, responses and replies filed by OAC, FAA and Mid-

---

[2] As noted below, the FAA and OAC entered special appearances to object to the Sale. Staten contended that their objections should be denied as they had not moved to intervene. In response, the FAA and OAC argued intervention was not required, but should the Court determine otherwise, they moved to intervene. (Dkt. #102).

America, but an additional nonparty, Staten, moved to intervene to object to the OAC's and FAA's objections and the AOPA, a national group of aircraft owners organized for the purpose of preserving airports, sought leave to file an amicus brief. The briefs brought to the Court's attention that on March 19, 2005, MIDA had conveyed the subject GLRA property to Island Air, LLC, a corporation owned by Staten, and that Staten filed the deed in Delaware County on May 18, 2005, the day after the emergency hearing. To determine the status of the subject property and allow the parties to present any further oral argument, the Court scheduled a hearing for August 4, 2005.

Counsel for FAA, OAC, Mid-America and Staten appeared at the August 4, 2005 hearing. Otto Maynard ("Maynard"), MIDA's chairman, appeared *pro se*. At the hearing, Mid-America, Staten and Maynard confirmed that MIDA had conveyed the GLRA property to Island Air, LLC on March 19, 2005 as a result of a settlement of litigation between MIDA and Staten and that the deed was filed of record on May 18, 2005. Mid-America conceded that this conveyance necessitated that a new execution and Order of Sale be issued and that a new appraisement *may* be required. Nonetheless, the parties urged the Court to determine the merits of FAA's and OAC's objections to the prior Order of Sale. The Court declines to do so.

However, for the following reason, the Court grants OAC's and FAA's motions to vacate the sale. (Dkt. ##81 and 85). The General Execution and Order of Sale with Appraisement before the Court directs the sale of property owned by MIDA, the judgment debtor, in satisfaction of Mid-America's judgment for attorney's fees. It is that order that the FAA and OAC seek to vacate. The property has since been conveyed to Island Air, LLC. Thus, as Mid-America admits, a new execution and Order of Sale must be issued and notice given which accurately identify the judgment debtor's interest in the property and any additional "persons

having or claiming an interest in the property." [3] *See* Fed.R.Civ.P. 69(a)("The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought. . . ."); 12 O.S. §731 *et seq.*; 1B Vernon's Okla. Forms 2d, Civ. Proc. §§10.91(General Writ of Execution), 10.93 (Notice of Sale) 10.94 (Affidavit of Proof of Mailing and of Publication). Unless a new Order of Sale is issued and objected to on the same grounds, FAA's and OAC's asserted bases for objection are not justiciable.

IT IS SO ORDERED, this 9th day of August, 2005.

Paul J. Cleary
United States Magistrate Judge

---

[3] The Court brings to Mid-America's attention that there is a distinction between those who "have" an interest and those who "claim" an interest. Listing FAA and OAC as "claiming" an interest in the GLRA property does not admit the validity of that interest.