UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MID-AMERICA AG NETWORK INCORPORATED, a Kansas corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 02-CV-0105-CVE-PJC ) |
| MONKEY ISLAND DEVELOPMENT AUTHORITY, an Oklahoma public trust, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Intervenors Paul Staten and Island Enterprises, Inc. Objections to Order of Magistrate and Brief is Support (Dkt. # 127). Intervenors Paul Staten and Island Enterprises, Inc. ("Intervenors") object to the magistrate judge's order (Dkt. # 126) vacating the General Execution and Order of Sale with Appraisement (Dkt. # 71) because the judgment debtor, Monkey Island Development Authority ("MIDA"), transferred title of the subject property to Intervenors. However, the magistrate judge refused to rule on the merits of any party's objection to the proposed sale, and those issues are not properly before the Court.[1] The Federal Aviation Administration ("FAA") has filed a response.

**I.**

Mid-America AG Network, Inc. ("Mid-America") filed a lawsuit seeking declaratory and injunctive relief against MIDA and Brawner Construction Company ("Brawner") to enforce a lease

---

[1] Intervenors' objection frequently discusses Oklahoma substantive law which would allow the sale to go forward, but those issues are not before the Court. The magistrate judge vacated the order of sale because of a facial defect in the order, which is the only ruling the Court is authorized to consider when reviewing the magistrate judge's decision.

agreement that MIDA claimed was invalid.[2] The case proceeded to trial and Mid-America prevailed on the merits. The Court also awarded Mid-America $85,878 for attorneys' fees. MIDA appealed the verdict and the Tenth Circuit affirmed this Court's decision. Following the appeal, the Court awarded Mid-America an additional $10,821 for appeal-related attorney's fees.

Mid-America obtained a General Execution and Order of Sale with Appraisement (Dkt. # 71) to recover its judgment for attorneys' fees. The order directed the U.S. Marshal to levy on "goods and chattels" of MIDA and, if that proved insufficient to satisfy the judgment, to sell any real property owned by MIDA. The sale was scheduled for May 19, 2005. On May 11 and 12, 2005 the FAA and the Oklahoma Aeronautics Commission ("OAC") filed objections to the proposed sale.[3] Due to the proximity of the sale, the Court ordered an emergency hearing to consider whether the FAA and OAC could intervene and to hear their objections. After the hearing, the Court postponed the sale for 90 days to allow the parties to submit additional briefing.

During this time, supplemental briefs, responses and replies were filed by the FAA, OAC, and Mid-America. Staten and Island Enterprises, Inc. sought permission to intervene to respond to

---

[2] Mid-America leased property which was part of the Grand Lake Regional Airport for the purpose of building a commercial strip mall. It invested approximately $1 million to develop the land and build the shopping center on airport property. Mid-America made its lease payments for the first three years, but MIDA informed Mid-America it was cancelling the lease for alleged non-payment. MIDA also claimed that, as a public trust, it did not secure proper approval for the lease and it was invalid on that basis.

[3] The FAA and OAC claimed they did not have to intervene to object to the sale. Intervenors later contended that the FAA and OAC had to formally intervene for their objections to be heard, and although the Court had not ruled on the issue, both the FAA and OAC moved to intervene in order to object to the proposed sale.

2

the FAA's and OAC's objections to the sale of the real property.[4] The magistrate judge granted Staten's, the FAA's, and the OAC's motions to intervene to file motions in regard to the proposed sale of MIDA property. The briefing alerted the Court that MIDA had conveyed its interest in the property to Island Air, LLC, a corporation owned by Staten. Staten filed the deed in Deleware County on May 18, 2005. Based on this new development, the magistrate judge ordered the parties to appear at a hearing on August 4, 2005.

At the hearing, MIDA's chairman, Otto Maynard,[5] stated that MIDA transferred ownership of the subject property to Island Air as part of a settlement in unrelated litigation. The magistrate judge made the following finding, which is the subject of this appeal:

> Mid-America conceded that this conveyance necessitated that a new execution and Order of Sale be issued and that a new appraisement may be required. Nonetheless, the parties urged the Court to determine the merits of FAA's and OAC's objections to the prior Order of Sale. The Court declines to do so.
>
> However, for the following reason, the Court grants OAC's and FAA's motions to vacate the sale. (Dkt. ## 81 and 85). The General Execution and Order of Sale with Appraisement before the Court directs the sale of property owned by MIDA, the judgment debtor, in satisfaction of Mid-America's judgment for attorney's fees. It is that order that the FAA and OAC seek to vacate. The property has been conveyed to Island Air, LLC. Thus, as Mid-America admits, a new execution and Order of Sale must be issued and notice given which accurately identify the judgment debtor's interest in the property and any additional "persons having or claiming an interest in the property."

---

[4] In addition, the Aircraft Owners and Pilots Association ("AOPA") requested permission to file an amicus brief in support of the FAA and OAC. It objected to sale because the AOPA's goal was to preserve airports nationwide and the sale would have removed the subject property from control of the airport authority.

[5] Maynard entered an appearance as the pro se representative for MIDA at the August 4, 2005 hearing. The Court notes that a local rule prohibits a pro se appearance of parties that are not natural persons. LCvR 17.1.

Dkt. # 126, Order, at 3-4. The magistrate avoided ruling on the merits of any party's objection to sale, and instead vacated the sale because of a change in circumstances rendering statements in the order of sale incorrect. He specifically found that FAA's and OAC's objections on the merits were non-justiciable because the order of sale was vacated.

## II.

Although 28 U.S.C. § 636(b) does not specifically authorize a magistrate judge to rule on post-trial motions, the district court may assign additional duties to the magistrate judge that "are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). The district court may authorize a magistrate judge to hear matters that fall with the range of duties Congress intended magistrate judges to perform. Gomez v. United States, 490 U.S. 858, 865 (1989). The Tenth Circuit has held that magistrate judges may rule on post-judgment matters, as long as the district court reviews any objections to the magistrate judge's order de novo. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); Colorado Bldg. & Const. Trades Council v. B.B. Andersen Constr. Co., Inc., 879 F.2d 809, 810-11 (10th Cir. 1989). Therefore, the Court will consider Staten's and Island Air's objections to the magistrate judge's order under a de novo standard of review.

## III.

The sole issue before the Court is whether the magistrate judge properly vacated the order of sale because the order did not accurately identify the judgment debtor's interest in the property

or identify all additional persons that could claim an interest in MIDA property.[6] Staten argues that once the marshal's office executes a levy on the subject property, any subsequent transfer of ownership is irrelevant to the validity of the levy. The FAA responds that it would be improper to hold a sale where the judgment debtor has no remaining interest in the property.

The fundamental error with Staten's objection is that he misconstrues the basis for the magistrate judge's order. He cites Kramer v. Montgomery, 242 P.2d 414 (Okla. 1952), for the proposition that an execution of judgement must identify only the judgment and the court which rendered the judgment. Id. at 416. However, plaintiff overstates the holding of the case, because the Oklahoma Supreme Court specifically limited its holding to the effect of collateral attacks on an execution of judgment. Id. In Kramer, the judgment had already been executed and the property sold before plaintiff raised any objection to the deficiency in the order of sale. The court noted many circumstances when a party would have to file an amended execution in order to cure a facial defect in an order of sale, such as when the wrong sheriff's office was listed or defective summons were issued. Id. The general rule is that a judgment debtor may not convey property to a third party following entry of judgment if the conveyance is intended to defraud the judgment creditor. See City of Arkansas City v. Anderson, 804 P.2d 1026, 1032 (Kan. Ct. App. 1991); In re Upset Sale, 479 A.2d 940, 943-44 (Pa. 1984). Contrary to Staten's assertions, the magistrate judge did not prevent the sale from going forward against property because of the conveyance to Staten; he simply ordered

---

[6] The magistrate judge refused to rule on the parties' many arguments concerning whether or not the sale should be held. However, in a separate case, Mineta v. Delaware County Board of County Commissioners, Case No. 05-CV-297-CVE (N.D. Okla.), the Court held that the FAA had standing to pursue its claims and had not exceeded its authority under the Spending Clause by seeking to protect federal property from state law judgment creditors. Therefore, Staten's objections on these grounds are moot.

Mid-America to obtain an order of sale that correctly identified the owner of the property subject to sale.[7] The magistrate judge's decision was consistent with Oklahoma law by requiring Mid-America to obtain an order of sale that correctly stated the judgment debtor's interest in the real property. See Wedgwood v. Boyd, 51 P.2d 299, 300 (Okla. 1935) (allowing amendment to post-judgment appraisal in order to correct inaccurate post-judgment filing); First Nat'l Bank v. Knight, 259 P. 565 (Okla. 1927) (affirming trial court's decision to set aside execution of sale because judgment debtor no longer had an interest in the property).

At the August 4, 2005 hearing, Mid-America conceded that a new order of sale was necessary, and it has not objected to the magistrate judge's finding on this issue.[8] Although the parties have objected to the magistrate judge's decision on substantive grounds, his decision was purely procedural. As previously noted, the Court has dealt with the substantive issues in a separate case and will not revisit those issues here. Based on Oklahoma law regarding post-judgment proceedings, which does not provide clear guidance, the magistrate judge's decision was a practical solution to the difficulties caused by MIDA's post-judgment conveyance of its property. Mid-America may request a new order of sale that correctly identifies the owner of the property upon which it seeks to execute its judgment.

---

[7] Staten claims that this information is not relevant, because the identity of the owner does not appear on the order of sale. The order specifically states that all of the property identified in the order of sale belongs to MIDA, but this is no longer correct. Staten owns the property as a result of his settlement with MIDA and, even if the sale may legally proceed, the order of sale incorrectly identifies the owner.

[8] Staten contends that Mid-America may have conceded that a new notice of sale was needed, but that a new order of sale was not discussed at the hearing. However, Staten offers no support for this argument except for his own recollection of the hearing. Under Rule 72(b), the burden was on Staten to request any transcripts it would need to support its objections and its failure to provide this evidence precludes the Court from reviewing this argument.

**IT IS THEREFORE ORDERED** that Intervenors Paul Staten and Island Enterprises, Inc. Objections to Order of Magistrate and Brief in Support (Dkt. # 127) is **denied** and the magistrate judge's order (Dkt. # 126) is **affirmed**.

**DATED** this 3rd day of October, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT